FILED
05/24/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2018

## IN RE: EMERSYN W.

**Appeal from the Juvenile Court for Montgomery County**
**No. 17-JV-1033     Kenneth R. Goble, Judge**

_____

## No. M2017-02074-COA-R3-JV

_____

This is an appeal from an order changing the Child's surname from that of Mother alone to the double last name of Mother and Father, respectively. The juvenile court determined that the Child's last name should be changed based on a standardized policy of the court because the parents could not reach an agreement. Mother appeals. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and RICHARD H. DINKINS, JJ., joined.

Mark N. Foster, Madisonville, Kentucky, and Daniel P. Ufford, Clarksville, Tennessee, for the appellant, Shaye D.

Wilson W., Jr., Gallatin, Tennessee, *Pro se*.

## MEMORANDUM OPINION[1]

## FACTS AND PROCEDURAL HISTORY

The parties to this action, Wilson W., Jr. ("Father") and Shaye D. ("Mother"), are the parents of Emersyn R. D. ("the Child"), who was born in April 2017, out of wedlock.

_____

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mother and Father had been in a relationship for about three years; it ended before the Child was born.

On July 12, 2017, Father filed a petition in juvenile court asking the court to find him to be the lawful father of the Child, to enter a parenting plan and set child support, and to change the Child's last name to Father's last name. On July 24, 2017, Mother responded to Father's petition in juvenile court, asked to be allowed to move with the Child to Alabama, and requested Father pay child support throughout the litigation.

On October 5, 2017, counsel for Mother and Father appeared before the juvenile court and represented that all issues had been resolved in the case except for the surname of the Child. The Child's surname was listed on the birth certificate as Mother's surname. The juvenile court informed counsel of the "policy" it followed of hyphenating the parents' surnames to create the Child's last name. The court heard no testimony, and no exhibits were offered into evidence. After suggesting that the parties discuss the matter, Mother's counsel and Father's counsel reported to the court that their respective clients could not agree on the Child's surname. The juvenile court verbally ordered for the two surnames to be combined without hyphenation. The trial court issued a written order in this matter on October 11, 2017, simply ordering that the Child's last name be changed to Mother's and Father's surnames, respectively.

## ISSUE

Mother presents five issues for review on appeal, but there is only one dispositive issue:

I.  Whether the trial court failed to use the appropriate legal standard in deciding to change the Child's surname to that of a combined surname of Mother's and Father's surnames, respectively.

## ANALYSIS

The standard for changing a nonmarital child's surname was set forth in *Barabas v. Rogers*:

> The courts should not change a child's surname unless the change promotes the child's best interests. Among the criteria for determining whether changing a child's surname will be in the child's best interests are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent, (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the

2

present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname.

*Barabas v. Rogers*, 868 S.W.2d 283, 287 (Tenn.Ct.App.1993) (internal citations omitted). The *Barabas* court further established that the parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests. *Id*. In *Barabas*, the "juvenile court ordered the child's surname changed from Rogers to Barabas solely because of its 'rule' that fathers who agree to support their nonmarital children 'deserve' to have their children named after them." *Id*. at 285.

The case at bar is quite similar to *Barabas*. While Father, as the party seeking to change the Child's surname, had the burden of proving that the change would be in the Child's best interest, the juvenile court heard no evidence. Rather, the extent of the proceedings before the juvenile court was as follows:

The Court:    Well, I can tell you what I do on name changes.

….

The Court:    I hyphenate them. If they can't agree on them, I hyphenate them. And that way they both get a piece of the pie.

Counsel for Mother: We actually, and your Honor's probably aware of the statute and also the caselaw that defaults to mother's name where the parties are unmarried.

The Court:    Well, you can appeal me if you want.

….

Counsel for Father:  My client wouldn't agree to the double name.

Counsel for Mother: Yeah, there is not an agreement. We were asking for a ruling from the court whether it would be a double name or …

The Court:    It will be the double name. And both parties can appeal.

….

Counsel for Father:  And what does that mean exactly?

3

The Court:     What does that mean exactly what?

Counsel for Father:  I mean, is it "W[.] D[.]" or it is "D[.] W[.]"? I don't, I mean …

The Court:     Well, I'm going to be a little chauvinistic. What's Mother's last name?

Counsel for Mother: D[.]

The Court:     It will be "D[.] W[.]." That also happens to be alphabetical order, so …

The juvenile court entered an order changing the Child's name without making any findings of fact, presumably because there were no facts before the court. The record does not reflect that Father satisfied his burden of proof of establishing that the name change was in the Child's best interest, as the court heard no evidence. Without presenting facts regarding the best interest of the Child, the trial court improperly ordered the Child's name change. As such, the order of the juvenile court must be reversed.

Accordingly, we reverse the order of the trial court.

## CONCLUSION

For the foregoing reasons, the judgment of the juvenile court is reversed. Costs of this appeal are taxed to the appellee, Wilson W., Jr., and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

4